UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREEMAH BELL | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No: 07-1083 (PLF) |
| JAMES BILLINGTON, LIBRARIAN OF CONGRESS | ) |
| Defendant | ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, James Billington, Librarian of Congress, respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), to dismiss the Complaint because Plaintiff has failed to exhaust her administrative remedies as required to go forward with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  In support of this Motion, Defendant refers the Court to the accompanying Memorandum of Points and Authorities and Declaration of Jesse James, Jr.  A proposed Order consistent with this Motion also is attached.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

Of Counsel

Julia Douds
Library of Congress

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAREEMAH BELL | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No: 07-1083 (PLF) |
| JAMES BILLINGTON,<br>LIBRARIAN OF CONGRESS | ) ) ) ) | |
| Defendant | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff pro se Kareemah Bell filed this civil action and asserted that on May 8, 2007, the Library of Congress' security officers advised her that the Human Resources Department wanted her removed from the Human Resources Department's Office for misconduct. Complaint 1-2. Plaintiff also asserted the following: " I am seeking a trial date by a jury. Do to the ongoing discrimination and harassment; I am requesting that the court will grant me the write to become a trillion ire." Complaint at 2.

The Federal Tort Claims Act requires that Plaintiff initially file an administrative claim with the agency prior to suit in the District Court. As the Declaration of Jessie James, Jr. sets forth, Plaintiff has filed no administrative claim under the Federal Tort Claims Act with the Library of Congress.[1] Accordingly, Plaintiff has not exhausted her administrative remedies as

---

[1] Defendant submits the Declaration of Jessie James, Jr. in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims.  It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion.  See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992);

required to go forward with a Federal Tort Claims Act claim against the Library of Congress and Plaintiff's claim must be dismissed.

## BACKGROUND

On April 27, 2007, Plaintiff met with Susan Frieswyck, Chief of the Customer Service Center, Office of Worklife Services, Human Resources Services at the Library of Congress (Library).[2]  See Ex. 1, Memo from Ms. Frieswyck to Ken Lopez, Director of Security and Emergency Preparedness at the Library of Congress.[3]  Ms. Frieswyck informed Ms. Bell that she could not continue to print out personal emails and correspondence using the Library's equipment.  Id.  Plaintiff had been previously informed that the Library computers were not to be used for personal business.  Id.

On May 9, 2007, Plaintiff was removed from the Library of Congress Computer Center Library Madison Building ("LM") Room 107 by the Library of Congress police for being disruptive and making inappropriate remarks to another customer who was using the Library's computers.  See Ex. 2, Letter from Ms. Frieswyck to Ms. Bell of May 9, 2007.  On that date, Plaintiff was given a written first Notice of Violation.  Id.

---

Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D. D.C. 1995); see also Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[2] Plaintiff's complaint includes documents relating to her removal from the Library's Volunteer Program in February 2007.  Specifically, Plaintiff includes an email and a letter sent to her from James Anthony Hughes, Volunteer Coordinator of the Volunteer Program at the Library of Congress.  According to the letter from Mr. Hughes to Plaintiff, she was removed from the Volunteer Program after her performance was assessed to be "unsatisfactory with regard to the needs and demands of our Information Desk program."  See Ex. 4, Letter from James Anthony Hughes to Kareemah Bell. Hughes also noted that her "attendance at the Information Desk was sporadic and her contribution, negligible."  Id.  Plaintiff's inclusion of these documents is not relevant to the instant matter and in no way advances her claim stemming from the incidents of May 2007.

[3] All exhibits cited to and relied upon by Defendant in this motion were appended to and a part of Plaintiff's complaint.

On May 10, 2007, Plaintiff telephoned Ken Lopez, Director of Security and Emergency Preparedness at the Library of Congress and claimed that "she was being discriminated against" and "alluded to being told by someone that she was 'banned' from the Human Resources Department of the Library of Congress and the Library itself. See Ex 3, Email from Andrea T. Merrill to Susan Frieswyck of May 10, 2007.

On May 16, 2007, Ms. Bell was again removed from LM 107 after becoming disruptive and making inappropriate remarks to the Director of Worklife Services and to the staff of the Customer Service Center. See Ex. 4, Letter from Ms. Frieswyck to Ms. Bell of May 16, 2007. On that date, Ms. Bell was given a second written Notice of Violation citing her inappropriate behavior. Id.

## STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998) Plaintiff asserts no jurisdictional basis to support her claim for relief and this action should be dismissed.

## ARGUMENT

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." Nordic Village, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in a situation where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed. Plaintiff's failure to properly adhere to the FTCA's administrative claim is fatal.

The FTCA defines the terms upon which the United States may be sued and "absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added). 28 U.S.C. § 2675(a) reads as follows:

4

>An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

(emphasis added).[4] This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA. McNeil v. United States, 508 U.S. 106, 111 (1993). "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command." Id. at 112. As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri, 782 F.2d at 245; see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

Plaintiff filed this lawsuit prior to presenting an administrative claim to the Library of Congress. This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "shall not be instituted upon a claim against the United States for money damages for injury or

---

[4] All administrative claims must be presented to the agency within two years of the time the claim "accrues." 28 U.S.C. § 2401(b); see also Hohri v. United States, 782 F.2d 227, 246 n.48 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).

loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing." 28 U.S.C. § 2675(a). Here, as Plaintiff filed this suit before presenting an administrative claim to the Library of Congress, this Court must conclude that Plaintiff has failed to follow the administrative claim prerequisites of the FTCA. Accordingly, this Court is without jurisdiction over this lawsuit and the Complaint should be dismissed.

## CONCLUSION

Plaintiff failed to exhaust her administrative remedies under the FTCA prior to bringing suit in court. Plaintiff failed to provide the Library of Congress with any documentation of the alleged incident or injuries, prior to filing her complaint with this Court. For these reasons, the Court should find that Plaintiff failed to exhaust administrative remedies and dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted,
  /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
 United States Attorney

6

    /s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530


Of Counsel:

Julia Douds
Attorney

7

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion to Dismiss has been mailed, by first class mail, postage prepaid, this 24th day of August, 2007 to:

Kareemah Bell
P.O. Box 34182, N.W.
Washington, D.C. 20043

      /s/
Wyneva Johnson
Assistant United States Attorney
555 4th Street, N.W, Room E4106
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| KAREEMAH BELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES BILLINGTON, )<br>LIBRARIAN OF CONGRESS )<br>)<br>Defendant ) | CASE No.: 07-1083 (PLF) |

DECLARATION OF JESSIE JAMES, JR.

I, JESSIE JAMES, JR. declare as follows pursuant to 28 U.S.C. § 1746:

1. I am employed as the Associate General Counsel, Office of General Counsel, Library of Congress. I have served in this position continuously in a permanent capacity since 1999.

2. As the Associate General Counsel, among the many duties I perform, I am responsible for receiving and delegating the investigation of claims filed against the Library of Congress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and for issuing administrative determinations on such claims. I am also custodian of the Library of Congress's records relating to the FTCA claims filed against the Library.

3. I certify that I have directed my staff to conduct a careful search of the Library of Congress's FTCA claim files and that such a review located no record of any FTCA claim filed by Kareemah Bell, the Plaintiff in the above captioned matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C., this ___7___ day of August 2007.

_____
Jessie James, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAREEMAH BELL | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No: 07-1083 (PLF) |
| JAMES BILLINGTON, LIBRARIAN OF CONGRESS | ) ) ) ) | |
| Defendant | ) ) | |

ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, any Opposition thereto, and the entire record herein it is this _____ day of _____ 2007.

ORDERED that the Defendant's Motion should be, and it hereby is, granted; it is,

FURTHER ORDERED that this matter be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

KAREEMAH BELL
P.O. Box 34182, N.W.
Washington, DC 20043