UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KAREEMAH BELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1083 (PLF) |
| THE LIBRARY OF CONGRESS, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. The motion will be granted and this action will be dismissed without prejudice.

I.  BACKGROUND

Plaintiff alleges that she was removed from the Human Resources Department of the Library of Congress by police for "misconduct" on May 8, 2007. Complaint at 1-2. It appears that she connects her removal to her failure to complete the fingerprinting process required for her work as a volunteer at the Library. *See id.*, Attach.

According to the Library, plaintiff was removed from its computer center for being disruptive and for making inappropriate remarks to another patron and to Library staff. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mot.") at 2-3.[1] Library staff issued to plaintiff two Notices of Violation on May 9, 2007 and May 16, 2007, respectively. *Id.* at 3.

---

[1] Defendant represents that the exhibits to which it refers in its motion are appended to plaintiff's complaint. *See* Def.'s Mot. at 2 n.3. These exhibits do not appear on the Court's electronic docket as attachments to the complaint. *See* Compl. [Dkt. #1].

Plaintiff attributes to the Library unspecified acts of "ongoing discrimination and harassment[.]" Compl. at 2. She requests that the Court "grant [her] the write [sic] to become a trillion ire [sic]." *Id.*

## II.  DISCUSSION

### A.  Plaintiff Has Not Exhausted Administrative Remedies

Defendant reasonably construes the complaint as raising a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). *See* Def.'s Mot. at 1-2. It moves to dismiss the complaint for lack of subject matter jurisdiction. *See id.* at 4-6.

Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

The FTCA requires that a claimant present her claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" prior to filing a civil action in a federal district court. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff does not allege that she has submitted an administrative claim under the FTCA to the Library, and the Library demonstrates that "a careful search of the [Library's] FTCA claims files" yielded "no record of any FTCA claim filed by Kareemah Bell." Def.'s Mot., Declaration of Jesse James, Jr. ¶ 3.

"The FTCA bars claimants from bringing suit in federal court until after they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. at 113. Absent a showing that plaintiff has exhausted her administrative remedies prior to filing her lawsuit, the Court must dismissed. *Id.*

To the extent that plaintiff alleges that Library staff committed a constitutional tort, such a claim must fail even if plaintiff had exhausted her administrative remedies. The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees. *See* 28 U.S.C. § 2679(b)(1), (2); *Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights); *Meyer v. Fed. Bureau of Prisons*, 929 F. Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador,* 603 F. Supp. 1313, 1316-17 (D.D.C. 1985).

B. *Plaintiff Failed to File a Timely Opposition to Defendant's Motion to Dismiss*

As is customary in civil actions filed by a *pro se* litigant, the Court issued an Order on September 4, 2007 to advise plaintiff of her obligation to file an opposition to defendant's motion to dismiss and the consequences of her failure to do so. The Court may treat a motion as conceded if the non-moving party fails to file a memorandum of points and authorities in opposition within a prescribed time period. *See* LCvR 7(b); *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant failed to file timely opposition). In this case, plaintiff failed to file an opposition.[2] For this reason, the Court properly may treat defendant's motion as conceded. *See,*

---

[2] Plaintiff chose instead to file an interlocutory appeal of the September 4, 2007 Order. *See* Notice of Appeal [Dkt. # 9]. The United States Court of Appeals for the District of Columbia Circuit dismissed the appeal for lack of prosecution. *See Bell v. Library of Congress*, No. 07-5308 (D.C. Cir. Feb. 1, 2008).

*e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded due to the plaintiff's failure to file a response); *Malik v. District of Columbia*, No. 05-1374, 2008 WL 628544, at *2 (D.D.C. Mar. 10, 2008) (granting defendant's summary judgment motion as conceded because plaintiff failed to oppose arguments set forth therein).

### III.  CONCLUSION

For these reasons, the Court will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 28, 2008